

**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 14, 2007**                                **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
IN RE:                          §
                                §
MICKEY K. MARGETIS,             §   CASE NO. 07-33657-SGJ-13
     DEBTOR.                    §
```

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The follow constitutes findings of fact and conclusions of law, pursuant to F.R.B.P. 7052 and 9014(c), in support of the oral ruling of the court at a hearing held December 13, 2007, on the Chapter 13 Trustee's motion to dismiss the Debtor's Chapter 13 case for lack of eligibility, pursuant to 11 U.S.C. § 109(e). The court granted the Chapter 13 Trustee's motion. These written findings and conclusions supplement those stated orally at the hearing. Where appropriate, a finding of fact shall be construed as a conclusion of law and vice versa. The court reserves the

1

right to make further findings of fact and conclusions of law, as it determines necessary.

## FINDINGS OF FACT

1. The Debtor filed the current Chapter 13 case on August 3, 2007. The Debtor currently represents in this case that she is retired and earns $13,308 per month from income from various real properties she owns [doc. no. 50].

2. It is undisputed that Ronald and Donna Neystel (the "Neystels") have a default judgment dated October 6, 2005, jointly and severally against the Debtor and her adult son, in an amount of more than $800,000.

3. The Debtor's original mailing matrix [doc. no. 1, pages 9-13] and Schedules filed in her bankruptcy case, of which this court takes judicial notice, do not list as creditors Ronald and Donna Neystel (the "Neystels"). The Debtor's original Statement of Financial Affairs filed in her case, of which this court also takes judicial notice,[1] references a "dismissed" lawsuit that the Neystels filed against the Debtor [doc. no. 10, Question 4], although the court and case number are different from what is shown on the Neystels' default judgment. The Debtor's original

---

[1] The court specifically takes judicial notice of the various pleadings filed in this bankruptcy case that are occasionally referenced in these findings.

plan of reorganization filed in her case did not mention the Neystels' claims [doc. no. 12].

4. Despite the lack of written notice, the Neystels appeared in this bankruptcy case and filed an objection to the Debtor's first plan in this case [doc. no. 24] on September 12, 2007-attaching their default judgment to their objection, and arguing that the Debtor was ineligible for Chapter 13 relief, pursuant to section 109(e) of the Bankruptcy Code. Specifically, section 109(e) provides that only individuals with noncontingent, liquidated debts of less than $336,900 are eligible to proceed in a Chapter 13 case. As earlier mentioned, the Neystels' default judgment against the Debtor exceeds $800,000 in amount.

5. The Chapter 13 Trustee soon filed his own objection to the Debtor's plan on September 25, 2007, arguing the same section 109(e) eligibility problem (among other plan objections) [doc. no 28] and separately filed a motion to dismiss the Debtor's case for lack of eligibility [doc. no. 34, as amended by doc. no. 35], in October 2007.

6. The Neystels filed a proof of claim in this Chapter 13 case on October 12, 2007 [claim no. 9] in the amount of $866,956, attaching the default judgment.

7. The Debtor's first plan in this case was denied

confirmation on October 29, 2007, without the issue of the Debtor's eligibility being specifically brought before the court at that time [doc. no. 39].

8. On November 6, 2007, the Debtor objected to the Neystels' proof of claim, arguing that the Neystels' default judgment (dated October 6, 2005) was obtained at a time when the Debtor was in a *prior* Chapter 13 case, Case No. 05-37345, which case was filed July 1, 2005 and dismissed without a discharge on June 29, 2007 (the "2005 Bankruptcy Case"). The Debtor argues that, since the automatic stay of the 2005 Bankruptcy Case was in effect at the time of the issuance of the Neystels' default judgment (October 6, 2005), it is voidable and should be voided. The Neystels responded that they never had notice of the 2005 Bankruptcy Case until after entry of the default judgment (after the Debtor moved for a new trial in the state court) and that this court should, if necessary, annul the stay retroactively as to the default judgment and the 2005 Bankruptcy Case.

9. The claim objection has never been set for hearing. Nor has any action been filed under section 362, specifically asking that the court either: (a) void the default judgment, or (b) retroactively validate the entry of the default judgment or annul the stay retroactively.

10. At the hearing on December 13, 2007 on the Chapter 13 Trustee's Amended Motion to Dismiss for Lack of Eligibility, the Debtor argued that there was no eligibility problem for the Debtor because the Debtor did not have unsecured, noncontingent, liquidated debt in excess of $336,900. The Debtor argued that the court should not "count" the Neystels' default judgment since it is voidable. In essence, the Debtor argued that it is not a liquidated debt since voidable. The Chapter 13 Trustee argued that the debt might be "disputed" by the Debtor, but that does not make it "unliquidated" or "noncontingent" pursuant to section 109(e).

11. The Debtor initially claimed at the hearing that she did not know about the Neystels' default judgment until after the current case was filed. The court does not find this testimony credible. The Debtor later backtracked on this testimony, indicating that she hired and paid an attorney named Mr. Phillippi (who the Debtor claimed is now disbarred) to file a motion for new trial in the state court action after entry of the default judgment. The Debtor now is equivocal, but is primarily pursuing the position that Mr. Phillippi never informed her of the default judgment or that he was filing a motion for new trial for her. The court does not believe this testimony. The court

believes the Debtor was aware of the default judgment, took actions in the state court to overturn it, despite being aware of her own automatic stay of the 2005 Bankruptcy Case.

12. So the question for this court is, do the Neystels have, at worst, a "disputed" claim (so that the Debtor is indeed ineligible for Chapter 13), or should the Neystels be considered to have an "unliquidated" claim, since it was liquidated at a time when the automatic stay was in effect? Is a voidable judgment—at least in this context—merely "disputed," or is it to be considered unliquidated?

## CONCLUSIONS OF LAW

A. This court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

C. The court concludes that the Neystels' claim is at most disputed,[2] not unliquidated, by virtue of being voidable. Thus, this case must be dismissed for lack of eligibility of the Debtor.

D. The court believes that the *Sikes* opinion is relevant

---

[2] Assuming that the Debtor would still even be permitted to *dispute* the default judgment, and not be barred by laches or other legal doctrines.

to this analysis. *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989). While some circuits have held that actions in violation of the automatic stay are void, the Fifth Circuit has held in *Sikes* that actions taken in violation of the stay are voidable not void, and capable of discretionary cure or retroactive validation. *See also Chapman v. Bituminous Ins. Co. (In re Coho Resources, Inc.)*, 345 F.3d 338, 344 (5th Cir. 2003). Thus, the analysis could possibly stop at this point, so that the court could conclude that the Neystels' default judgment, since voidable, gives rise to a mere disputed claim (since the Debtor thinks it should be voided)—yet at this point it is still a liquidated claim, since it has not yet been avoided (creating a section 109(e) problem for the Debtor).

  E. However, the court believes it is likely appropriate and necessary to go through the hypothetical analysis of, if asked to void the default judgment, would this court void it? Because, arguably, the court should not consider a judgment issued in violation of the stay "liquidated," if the court would surely void the judgment if asked. Again, the parties have not yet requested a hearing to ask the court to void (or retroactively validate) the judgment.

  F. The evidence at this hearing convinces the court that

it would not void the judgment, if asked.  Alternatively, were the Neystels to file an action under section 362 asking the court to retroactively validate their default judgment, the court would validate it.

    G.   The court believes, based on the testimony, that the Debtor filed the 2005 Bankruptcy Case with knowledge of the Neystels' causes of actions/claims against her, and chose not to give notice to them of the 2005 Bankruptcy Case or list them as disputed creditors in her 2005 Bankruptcy Case.  The court believes, based on the competing testimony of the Debtor, her son, John Margetis, and Mr. Neystel, that the Neystels obtained their default judgment without knowledge of the 2005 Bankruptcy Case or stay and it was not until after the Debtor moved for and failed to obtain a new trial in the state court (in December 2005) that the Neystels learned of the 2005 Bankruptcy Case. Notably, after December 2005, the Debtor did nothing in her 2005 Bankruptcy Case to include the Neystels nor to ask the bankruptcy court in the 2005 Bankruptcy Case to void their default judgment. The 2005 Bankruptcy Case was ultimately dismissed without a discharge (for the Debtor's failure to make plan payments), with this new bankruptcy case being filed just 33 days later—again with no mention of, or notice to, the Neystels.  The court

believes that the Debtor deliberately tried to pursue bankruptcy relief without having to deal in her cases with the Neystels. The court must consider the totality of circumstances when deciding whether to void an action taken in violation of the stay. Given the totality of circumstances, this court would not find it appropriate to void the default judgment. The court does not believe the Debtor has clean hands in this whole series of events. The court does not believe the Debtor was not served with the Neystels' lawsuit (as she now newly argues), nor that her state court lawyer kept her unaware of what was happening. The court believes that it is the Debtor who tried to keep the Neystels unaware of events—at least when it suited her.

H. Moreover, the court believes that any attempt by the Debtor in this court to void the default judgment (more than two years after the fact, and after first attempting to set aside the default judgment in the state court-ignoring her own stay—and then remaining silent about the Neystels' default judgment thereafter in her 2005 Bankruptcy Case) would unfairly give her a second and too-late bite at the apple. The court believes that the doctrine of laches should operate at this point to bar such an effort.

I. Thus, the court concludes that it could not and would

not void the default judgment, if asked. And, therefore, the court cannot conclude that the default judgment should be considered as "unliquidated"—merely because it is technically voidable in nature.

    A separate ORDER shall be issued in this matter dismissing the case.

       ***END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW***